UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA T. MORGAN,

       Plaintiff,                                Case No. 13-14809

                                                      Paul D. Borman
                                                      United States District Judge
v.

ZEIGER HEALTH CARE CORP. and
BARBARA PALMER,

       Defendants.
_____/

**ORDER STRIKING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (Dkt. No. 5) AND
REQUIRING DEFENDANTS TO FILE A RESPONSIVE PLEADING IN 14 DAYS**

On October 25, 2013, Plaintiff filed the instant lawsuit in Oakland County Circuit Court. (See Dkt. 1, Ex. 1). Defendants were served on October 25, 2013. (Dkt. No. 1). Plaintiff's complaint sets forth a claim of a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(2) wherein she alleges was not paid overtime wages. Defendants removed this action on November 21, 2013. (Dkt. No. 1).

On December 2, 2013, Defendants filed a motion for summary judgment. (Dkt. No. 5). On December 11, 2013, Plaintiff filed an "Expedited Motion to Strike Motion for Summary Judgment, Motion for Order Requiring Responsive Pleading to be Filed or Alternatively for Entry of Default." (Dkt. No. 9).

Defendants claim in their motion that "special circumstances" exist justifying an early summary judgment motion. Specifically, Defendants contend that Plaintiff has made "party admissions" which establish that she is an administrative employee exempt from the FLSA's

overtime requirements, that there is other evidence that supports this conclusion, and finally that Plaintiff does not need discovery regarding her own duties and responsibilities.  Defendants rely upon an affidavit from Plaintiff's supervisor as well as an affidavit executed by Plaintiff six years ago in an unrelated court action.

Plaintiff counters that Defendants' evidence is not conclusive of any legal question and also that her affidavit should not be considered because it is outside the relevant time period and also from a separate and unrelated action.  Plaintiff maintains her need for discovery, namely regarding the ability to attack the affidavit of her supervisor.  To this end, Plaintiff indicates that she will respond to the present motion with a Rule 56(d) affidavit asserting discovery is incomplete.  Plaintiff further argues that Defendants' summary judgment motion should not be considered a "responsive pleading" under the Federal Rules of Civil Procedures.

The Court finds that Defendants' alleged special circumstances do not justify an early filing of a motion for summary judgment when Defendants rely only upon a six year old affidavit submitted in an unrelated proceeding and an affidavit of a supervisor that Plaintiff has not had an opportunity to question through discovery.

For these reasons, the Court:

1. GRANTS Plaintiff's Expedited Motion to Strike Motion for Summary Judgment, Motion for Order Requiring Responsive Pleading to be Filed or Alternatively for Entry to Default.  (Dkt. No. 9); and

2. STRIKES Defendants' motion for summary judgment (Dkt. No. 5), and

3.      ORDERS Defendants to file an answer to Plaintiff's Complaint in fourteen (14) days from the date of this Order.

**IT IS SO ORDERED.**

                              s/Paul D. Borman
                              PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE

Dated:  December 23, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 23, 2013.

                              s/Deborah Tofil
                              Case Manager