UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA T. MORGAN,

      Plaintiff,                                          Case No. 13-14809

                                                             Paul D. Borman
                                                             United States District Judge

v.

ZEIGER HEALTH CARE CORP. and
BARBARA PALMER,

      Defendants.

_____/

OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION (Dkt. No. 13)

On December 2, 2013, Defendants Zeiger Health Care Corporation and Barbara Palmer filed a Motion for Summary Judgment on Plaintiff's single count complaint brought pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(2). (Dkt. No. 5). On December 11, 2013, Plaintiff filed an "Expedited Motion to Strike Motion for Summary Judgment, Motion for Order Requiring Responsive Pleading to be Filed or Alternatively for Entry of Default." (Dkt. No. 9). The Court granted the Plaintiff's Motion to Strike and holding that Defendants' alleged special circumstances did not justify the early filing of a motion for summary judgment. Specifically, the Court found that the motion was not appropriate when Defendants relied upon a six year old affidavit submitted in an unrelated proceeding and an affidavit of a supervisor that Plaintiff had not had an opportunity to question through discovery. Thereafter, Defendants filed its answer and discovery has been ongoing in this action.

Now before the Court is Defendants' motion for reconsideration (Dkt. No. 13). Defendants' motion for reconsideration is brought pursuant to Local Rule 7.1 which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. MICH. LR 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

Defendants argue that the Court palpably erred in granting the motion to strike because they believe this case involves a question of law which the Court can resolve, and that the evidence they rely upon, including Plaintiff's affidavit from an unrelated case, Plaintiff's complaint, Plaintiff's resume and job description, as well as the affidavit of Plaintiff's previous supervisor, is sufficient to support their motion for summary judgment. The Court notes that it found summary judgment was not appropriate at such an early stage of the litigation based on Plaintiff's expressed desire for discovery, especially concerning testimony of her supervisor. This fact remains unchanged and the Court finds no palpable error in its holding.

Defendant also argues that the Plaintiff misled the Court with her arguments that a summary judgment motion is not an appropriate responsive pleading. However, as is clear from the Court's order, the Court did not grant Plaintiff's motion based on that argument and, therefore, that claim is unavailing.

To the extent Defendant seeks for the Court to narrow the scope of discovery the Court declines to do so as discovery is ongoing at this time.

2

For these reasons, the Court DENIES Defendants' Motion for Reconsideration. (Dkt. No. 13).

                    s/Paul D. Borman
                    PAUL D. BORMAN
                    UNITED STATES DISTRICT JUDGE

Dated: June 2, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 2, 2014.

                    s/Deborah Tofil
                    Case Manager